IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01318-PAC-MJW

SYLVIA COLE,

     Plaintiff,

v.

UNITED STATES OF AMERICA,

     Defendant.

---

MEMORANDUM OPINION AND ORDER ON
MOTION FOR PARTIAL SUMMARY JUDGMENT

---

Patricia A. Coan, United States Magistrate Judge

The parties have consented to have their case heard by a magistrate judge pursuant to 28 U.S.C. §636(c). This matter is before the court on plaintiff's motion for partial summary judgment, filed May 4, 2005. Defendant filed its response to the motion on June 3, 2005, and the matter is fully briefed. Oral argument would not be of material assistance.

## Background

This is a case under the Federal Tort Claims Act for damages arising from injuries the plaintiff alleges she sustained as a result of falling down the stairs outside the U.S. Post Office on May 3, 2001, a snowy afternoon in Salida, Colorado.

## Summary Judgment Standard

The purpose of summary judgment is to determine whether trial is necessary.

*White v. York Int'l. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).  Summary judgment is appropriate under Fed.R.Civ.P. 56(c) when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When applying this standard, the court reviews the pleadings and documentary evidence in the light most favorable to the nonmoving party. *Gray v. Phillips Petroleum*, 858 F.2d 610, 613 (10th Cir. 1988).   To defeat a properly supported motion for summary judgment, "there must be evidence upon which the jury could reasonably find for the plaintiff."   *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Speculation, supposition and unsupported factual allegations will not establish an issue of material fact necessitating trial. *Handy v. Price,* 996 F.2d 1064, 1068 (10th Cir. 1993).

<u>Issues</u>

Plaintiff's motion for partial summary judgment seeks a determination of two matters: first, that plaintiff is an invitee for the purposes of the Colorado premises liability statute at C.R.S. §13-21-115; and second, that defendant is not entitled to assert the theory of comparative negligence, codified at C.R.S. § 13-21-111, as a defense to plaintiff's claim under the premises liability statute.

Defendant responds that it has no objection, for the purposes of the motion for partial summary judgment, to the classification of plaintiff as an invitee under the premises liability statute.  Because there is no dispute regarding the classification of plaintiff as an "invitee," I will grant plaintiff's motion for partial summary judgment on that

issue. For purposes of the trial in this matter, plaintiff shall have the status of invitee under the Colorado premises liability statute.

Defendant opposes plaintiff's motion for partial summary judgment on the second ground.  Defendant argues that it is  entitled to assert the comparative negligence defense to plaintiff's premises liability claim.  I now turn to an analysis of the parties' positions and the applicable authorities.

<u>Analysis</u>

The plaintiff seeks a ruling from this court that would prohibit defendant from asserting  the defense of comparative negligence. Plaintiff argues that a reading of the premises liability statute, C.R.S. §13-21-115, and as explained by *Vigil v. Franklin*, 103 P.3d 322 (Colo. 2004) (*en banc*) and in conjunction with C.R.S. §13-21-111 bars the defendant from raising the defense of comparative negligence.  Plaintiff argues that the comparative negligence statute, at §13-21-111, refers only to claims for negligence and does not apply to claims under the premises liability statute.   The title of §13-21-111 refers only to "negligence cases,"  but beyond that assertion and an axiom regarding statutory construction, plaintiff offers no support for her narrow reading of that statute. While the title of §13-21-111 refers to "negligence cases," the statutory section immediately following,  at §13-21-111.5, refers to comparative negligence in "civil liability" cases, which would also include claims under the premises liability statute, to the extent a premises liability action is not one for "negligence" as contemplated in §13-21-111.   There can be little dispute that defendant is entitled to raise the defense of comparative negligence, under a plain reading of either statutory section.

Next plaintiff advocates an overly broad reading of the *Vigil* decision,  which I

3

decline to accept.  That decision held that "the common law open and obvious danger doctrine does not survive the enactment of Colorado's premises liability statute."   103 P.3d at 323.  The *Vigil* court  held that the premises liability statute so exclusively and completely defined duties and standards of care owed, that it preempted the common law-created duties owed to those coming upon the land.  *Id*. at 328.  Comparative negligence, however, is not a defense to any duty element of a negligence claim - it is a creature of statute designed to apportion damages (by a judge or a jury as fact-finder) among parties (including the plaintiff) based on the percentage of fault attributable to each party or non-party. *See* C.R.S. §§ 13-21-111(2)(b); 13-21-111.5(1),(2), and (5).[1] The *Vigil* court  went on to state that the premises liability statute "provides the exclusive remedy against a landowner for injuries sustained on the landowner's property." *Id.* (citation omitted). Plaintiff's attempt to argue, by analogy, that the *Vigil* decision supports her argument that the defendant is not entitled to the defense of comparative negligence, is without support.  The premises liability statute is the sole remedy for a claim against a landowner for injuries sustained on the landowner's property, and neither that statute nor the *Vigil* decision purport to, nor can they be reasonably construed to, eliminate the availability of the comparative negligence defense in such an action.  Plaintiff's motion for partial summary judgment to preclude the defendant's use of the comparative negligence defense is accordingly denied.

---

[1]*See also Inland/Riggle Oil Co. v. Painter*, 925 P.2d 1083, 1085-86 (Colo. 1996)(en banc), where the court held in a products liability  negligence case in which comparative negligence was used to apportion fault, the employer's fault (even though it was immune from suit under the Worker's Compensation statute) was combined with that of the product manufacturer, which (together) exceeded plaintiff's fault so that the manufacturer still had to pay its *pro rata* share of damages.

4

Accordingly, it is

**HEREBY ORDERED** that plaintiff's Motion for Partial Summary Judgment, filed May 4, 2005 is **DENIED in part and GRANTED in part: it is GRANTED as to the plaintiff's status as an "invitee" for purposes of the Premises Liability Statute; and otherwise DENIED**.

Dated this 8th day of July, 2005.

BY THE COURT:

  s/ Patricia A. Coan
PATRICIA A. COAN
United States Magistrate Judge
